UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

FOX AUTO GROUP, INC., and
W.A.B. MANAGEMENT, LLC,

                              Plaintiffs,          06-CV-6094T

               v.                                  **DECISION
                                                   and ORDER**

TOWN OF ERWIN, RITA McCARTHY, Town Manager
of the Town of Erwin, DOUGLAS C. WICKS,
Chief Code Enforcement Officer of the Town
of Erwin, and ZONING BOARD OF APPEALS, of
the Town of Erwin,

                              Defendants.

_____

## INTRODUCTION

        Plaintiffs Fox Auto Group, Inc. ("Fox") and W.A.B. Management,

LLC ("W.A.B.") bring this action against defendants Town of Erwin,

Rita McCarthy, ("Mcarthy") the Town Manager of the Town of Erwin,

Douglas C. Wicks, ("Wicks") the Chief Code Enforcement Officer of

the Town of Erwin, and the Zoning Board of Appeals of the Town of

Erwin (the "ZBA") pursuant to 42 U.S.C. § 1983, 28 U.S.C. § § 1331

and 2201, and Article 78 of the New York CPLR claiming that the

defendants violated their rights under the United States

Constitution by requiring removal of two existing advertising signs

located on W.A.B.'s property which advertise Fox's auto dealership.

Plaintiffs allege that the defendants acted unlawfully in requiring

the signs to be removed, and further violated their rights by

preventing the plaintiffs' from appealing the denial of their

application for a variance from the zoning law which prohibits the continued display of the signs.

Defendants move to dismiss plaintiffs' complaint on grounds that the plaintiffs have failed to state a cause of action upon which relief can be granted. Specifically, the defendants contend that plaintiffs are unable to establish violations of their substantive or procedural due process rights, or that their property has been taken without just compensation. Defendants further contend that plaintiffs are not entitled to the declaratory relief they seek pursuant to 28 U.S.C. § § 1331 and 2201, and are not entitled to relief pursuant to Article 78 of the New York CPLR. For the reasons set forth below, I grant defendants' motion to dismiss the Complaint.

<u>BACKGROUND</u>

Plaintiff Fox Auto Group owns and operates an auto dealership in the Town of Erwin, New York. Fox leases the property on which its dealership is located from plaintiff W.A.B. Management. In April 2001, the Town of Erwin amended its zoning laws, and prohibited the use of large freestanding "pole signs" in certain areas of the Town, including the area in which Fox's dealership is located. Fox had two such pole signs on its property.

Pursuant to the terms of the amended zoning law, Fox was required to remove the signs within three years. Fox, however, did not remove the signs nor did Fox request a variance. In April,

2004, three years after the amendments had passed, defendant Douglas Wicks, the Town's Chief Code Enforcement Officer, notified Fox in writing that its signs were not in compliance with the new zoning regulations, and that the signs would have to be removed. Thereafter, in 2004, Fox applied for and was denied a variance. Fox appealed the denial of its request for a variance to the Board of Zoning Appeals for the Town of Erwin, which affirmed the denial, but granted Fox an additional grace period until March 2005 in which to remove the signs.  Fox did not appeal the Zoning Board's determination.

 As of March 2005, the signs had still not been removed, and defendant Wicks informed W.A.B. in writing that if the signs were not removed by April 12, 2005, the plaintiff's would receive a notice of violation.

As of October, 2005, plaintiffs had still not removed the signs, and defendant Rita McCarthy, the Town Manager of the Town of Erwin, notified Fox that unless Fox could produce a contract providing for the removal of the signs, Fox would receive an Appearance Ticket and Notification of a Zoning Violation. The plaintiffs failed to produce such a contract, and defendant Wicks issued a Notice of Violation to the plaintiffs.

Following the issuance of the Notice of Violation, plaintiffs filed a second application for a variance for its continued use of its pole signs.  However, the Town Attorney for the Town of Erwin,

by letter dated January 16, 2006, informed the plaintiffs that the
Zoning Board of Appeals would not consider plaintiff's request for
a variance on grounds that the Board had previously considered and
denied plaintiffs' request in 2004.   Thereafter, on February 14,
2006, the plaintiff's filed the instant action alleging violations
of their civil rights.


<u>DISCUSSION</u>

I.   <u>Defendants' Motion to Dismiss</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides
for dismissal of the complaint where the plaintiff has failed to
state a claim upon which relief can be granted.   When evaluating a
Rule 12(b)(6) motion, the court must ascertain, after presuming all
factual allegations in the pleading to be true and viewing them in
the light most favorable to the plaintiff, whether or not the
plaintiff has stated any valid ground for relief.   <u>Ferran v. Town</u>
<u>of Nassau</u>, 11 F.3rd 21, 22 (2d Cir. 1993), <u>cert</u>. <u>denied</u>, 513 U.S.
1014 (1994).   The court may grant a Rule 12(b)(6) motion only where
"`it appears beyond doubt that the plaintiff can prove no set of
facts in support of his claim which would entitle him to relief.'"
<u>Allen v. WestPoint-Pepperell, Inc.</u>, 945 F.2d 40, 44 (2d Cir. 1991)
(quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).

II.   <u>Plaintiffs' Civil Rights Claims</u>

Plaintiffs allege that their rights to procedural due process, substantive due process, and freedom from deprivation of property without just compensation were violated as a result of the defendants' adoption and enforcement of zoning laws prohibiting the continued display of plaintiffs' signs.

For the reasons set forth below, I find that the plaintiffs have not been denied any procedural or substantive due process rights.  Nor have the plaintiffs been deprived of property without just compensation.

A.   <u>Procedural Due Process</u>

Plaintiffs contend that their right to procedural due process was violated when they were denied the opportunity to prosecute a second application for a variance with the Zoning Board of Appeals.

It has long been held that an unauthorized intentional deprivation of property by a state actor does not constitute a violation of due process if a meaningful post-deprivation remedy for the loss is available.  <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1984); <u>Parratt v. Taylor</u>, 451 U.S. 527 (1981);  <u>Ridgeview Partners, LLC, v.  Entwistle</u>, 354 F.Supp.2d 395 (S.D.N.Y. 2005). In the instant case, plaintiffs could have brought a proceeding pursuant to Article 78 of the New York Civil Practice Law and Rules to petition a State court to compel the Town of Erwin to consider plaintiffs' second application for a variance.  Moreover, under New

York State law, plaintiffs also could have appealed the denial of the first application for a variance to a New York State Court. Plaintiff's, however, did not avail themselves of any of the remedies afforded to them under New York State law which provides adequate and meaningful remedies for the alleged deprivation of the plaintiff's rights. I therefore find that plaintiffs have failed to state a cause of action for a violation of their rights to procedural due process.

B.   Substantive Due Process

Plaintiffs contend that their rights to substantive due process and property rights have been violated by operation of the 2001 Zoning Law Amendments which converted their signs to a non-conforming use, by the failure of the Town of Erwin to grant a variance, and by the refusal of the Town to consider plaintiffs' second application for a variance.

As I stated in the case of Lisa's Party City, Inc. v. Town of Henrietta,:

> To state a claim for a violation of substantive due process in the context of permits issued pursuant to zoning laws, a plaintiff must "(1) establish a valid property interest in a benefit entitled to constitutional protection, and (2) show that arbitrary and irrational zoning actions deprived plaintiffs of that benefit." The Tara Circle, Inc. v. Bifano, supra, at *9, citing Zahra v. Town of Southold, supra; Arlington Heights v. Metropolitan Housing Dev. Corp., 429 U.S. 252 (1977); Brady v. Town of Colchester, 863 F.2d 205 (2nd Cir. 1988). A zoning board's actions can be characterized as

> arbitrary or irrational "only when the government acts with 'no legitimate reason for its decision.'" <u>Crowley v. Courville</u>, 76 F.3d 47, 52 (2nd Cir. 1996)(internal citations omitted).

<u>Lisa's Party City, Inc. v. Town of Henrietta</u>, 2 F.Supp.2d 378, 383 (W.D.N.Y. 1998).  In the instant case, viewing the facts in the light most favorable to the plaintiffs, I find that plaintiffs have failed to establish that any defendant acted arbitrarily or irrationally with respect to the enactment and enforcement of the Town zoning law, or with respect to plaintiffs' request for a variance.  Indeed, the Town afforded plaintiffs ample opportunity to either comply with the law, challenge the law, or request an exemption from the new zoning requirements.  That plaintiffs either did not avail themselves of the opportunities available to them, or did not obtain the result they desired does not mean that the plaintiffs were denied the constitutional right to due process of law.  Accordingly, I grant defendants' motion to dismiss plaintiffs substantive due process claims.

    C.   <u>Deprivation of Property</u>

Plaintiffs contend that the enactment and enforcement of the 2001 zoning ordinance had the effect of a taking of their property. Plaintiffs allege that the ordinance deprives them of the use of their pole signs, and because they were not compensated for the derivation, their rights have been violated.

To establish a claim for a deprivation of property without

just compensation, a plaintiff must demonstrate that a he or she was deprived of a property interest under color of law without just compensation. HBP Associates v. Marsh, 893 F.Supp. 271, 277 (W.D.N.Y. 1995)(Elfvin, J.). Where a plaintiff contends that a state actor has deprived the plaintiff of a property interest, the plaintiff must further establish that he exhausted state procedures for obtaining just compensation. HBP Associates, 893 F.Supp at 277.

In the instant case, it is clear from the record that plaintiffs failed to exhaust their remedies under state law. Plaintiffs had the opportunity to appeal the decision of the Town of Erwin denying the application for a variance, but failed to do so. Plaintiffs also had the opportunity to file an action pursuant to Article 78 of the New York C.P.L.R. to compel consideration of the second request for a variance and again failed to do so. The fact that a state-law remedy may no longer be available to the plaintiffs due to the passing of the applicable limitations period does not alter the conclusion that plaintiffs are unable to state a claim for deprivation of property without just compensation. See Vandor, Inc. v. Militello, 301 F.3d 37, 38 (2nd Cir. 2002)("[A] claimant cannot be permitted to let the time for seeking a state remedy pass without doing anything to obtain it and then proceed in federal court on the basis that no state remedies are open." (quoting Gamble v. Eau Claire Co., et al., 5 F.3d 285, 286 (7th

Cir. 1993).

III. <u>Plaintiffs' request for Declaratory Relief</u>

Plaintiffs seek a declaration that their signs are legal, or, in the alternative, that they are entitled to have their Appeal heard by the Zoning Board of Appeals.  Should the court decline to issue such relief, plaintiffs seek a ruling that the Town of Erwin's Zoning Law is unconstitutional.  For the reasons set forth above, I find that plaintiffs are not entitled to such declaratory relief.  Moreover, to be entitled to a declaration that a zoning law or ordinance is unconstitutional, a plaintiff bears the "heavy burden" of establishing that "(1) the regulation on its face deprives him of a constitutionally protected property interest, and (2) the regulation lacks any rational relationship to a legitimate government interest." <u>Kittay v. Giuliani</u>, 112 F.Supp.2d 342, 352 (S.D.N.Y. 2000)(citing <u>Crowley v. Courville</u>, 76 F.3d 47, 52 (2d Cir.1996)).  As the Second Circuit Court of Appeals has stated, the plaintiff's burden is heavy in light of the fact that courts should be "mindful of the general proscription that 'federal courts should not become zoning boards of appeal to review non-constitutional land-use determinations by the Circuit's many local legislative and administrative agencies.'") <u>Crowley</u>, 76 F.3d at 52 (<u>quoting</u> <u>Zahra v. Town of Southold</u>, 48 F.3d 674, 679-80 (2nd Cir. 1995)).

In the instant case, there is no suggestion that the zoning ordinance adopted by the Town of Erwin lacks any rational

relationship to a legitimate government interest.  Accordingly, I
deny plaintiff's request for a declaration that the Town's 2001
zoning ordinance is unconstitutional.


    IV.   <u>Plaintiff's State Law Claims</u>

    Pursuant to 28 U.S.C. 1367(c)(3), where a district court has
dismissed all claims over which it has original jurisdiction, the
court may decline to exercise jurisdiction over state law claims.
Because the federal claims of plaintiffs' Complaint have been
dismissed with prejudice, I decline to exercise jurisdiction over
plaintiff's remaining state law cause of action.  See <u>United Mine
Workers v. Gibbs</u>, 383 U.S. 715, 726 (1966)(authorizing district
court to dismiss state and common law claims for lack of
jurisdiction when all federal claims have been dismissed).


<u>CONCLUSION</u>

    For the reasons set forth above, I grant defendants motion to
dismiss plaintiffs' complaint with prejudice.


ALL OF THE ABOVE IS SO ORDERED.

                          S/ Michael A. Telesca
                         _____
                          MICHAEL A. TELESCA
                    United States District Judge


Dated:  Rochester, New York
        March 6, 2007